**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEITH RODRIGUEZ, and others similarly situated<br><br>Plaintiffs,<br><br>- v -<br><br>WESTECH SECURITY AND INVESTIGATION INC, WILLIAM VASSELL, and "JOHN DOE #1" through "JOHN DOE #10," the last ten names being fictitious and unknown to Plaintiffs, the person or parties intended being the individual shareholders, officers, directors or managers who qualify as "employers" under the New York Labor Law because they: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; (4) and maintained employment records.<br><br>Defendants. | Civil Action No.: _____<br><br>**29 U.S.C. § 216(b)**<br>**COLLECTIVE ACTION &**<br>**FED. R. CIV. P. 23**<br>**CLASS ACTION**<br><br>**COMPLAINT**<br><br>*Jury Trial Demanded* |

Plaintiffs Keith Rodriguez and those similarly situated, by and through their undersigned attorneys, bring this Complaint against Defendants WESTECH SECURITY AND INVESTIGATION INC, WILLIAM VASSELL, and JOHN DOE #1 through JOHN DOE #10 (collectively "Defendants"), the last ten names being fictitious and unknown to Plaintiffs, the person or parties intended being the individual shareholders, officers, directors or managers who qualify as "employers" under the New York Labor Law because they: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; (4) and maintained employment records, and allege as follows:

## INTRODUCTION

1.      This is a putative collective and class action brought by Plaintiffs, on behalf of themselves and other employees similarly situated, against Defendants for violations of the Worker Adjustment and Retraining Notification ("WARN") Act, 29 USC 2100 *et seq*, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.; New York Labor Law ("NYLL") §§ 860 (the New York Worker Adjustment and Retraining Notification Act, "NY WARN"), and NYLL §§ 190(1) ("Wages"), 193 ("Deductions from Wages"), 650 (Minimum Wages and Overtime), *et seq*.; and any other cognizable cause of action established upon the facts alleged, arising from Defendants' various willful and unlawful employment policies, patterns and practices.

2.      This action arises because Westech Security and Investigation Inc ("Westech"), a security firm with offices across three states, abruptly shut down its Throggs Neck, NY office on September 10, 2024.

3.      In the pay periods leading up to the office closure, the paychecks that the Company issued to its employees "bounced," were reissued, and failed to clear again.

4.      On September 11, 2024, the Company's owner and CEO William Vassell told the Bronx Times that the Company was closing down at 5:00 pm on September 12, 2024, and acknowledged the Company's inability to make payroll.[1]

5.      To date, Rodriguez and similarly situated employees have not received their wages for the pay periods for which the Company's paychecks were dishonored or, in the alternative, they received payments from third party check-cashing businesses and, because the checks were dishonored, but have now incurred corresponding indebtedness to those check-cashing business

---

[1] *See* https://www.bxtimes.com/security-firm-shutters-bronx-office-without-warning-leaving-workers-without-pay/

which advanced payments to plaintiffs but who were unable to recoup the funds they advanced because the instruments were dishonored upon presentment.

6.      Additionally, Rodriguez and similarly situated employees were terminated with no notice, in violation of both the federal WARN Act (which requires a minimum of 60 days' notice) and NY Warn Act (which requires a minimum of 90 days' notice).

7.      Plaintiffs allege that pursuant to the federal WARN Act they are entitled to recover from Defendants: back pay and benefits, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred.  Plaintiffs are also entitled to recover attorneys' fees and costs.

8.      Plaintiffs allege that pursuant to the NY Warn Act that they are entitled to recover from Defendants:

(a) Back pay at the average regular rate of compensation received by the employee during the last three years of his or her employment, or the employee's final rate of compensation, whichever is higher;

(b) The value of the cost of any benefits to which the employee would have been entitled had his or her employment not been lost, including the cost of any medical expenses incurred by the employee that would have been covered under an employee benefit plan. Plaintiffs are also entitled to recover attorneys' fees and costs.

9.      Defendants have willfully, maliciously, and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, both regular and overtime wages for each hour worked as prescribed by the FLSA and NYLL (*i.e.*, Defendants failed to pay wages on time, in full, and free and clear of any encumbrances).

10.     Plaintiffs allege pursuant to the FLSA that they are entitled to recover from Defendants: (a) unpaid wages and overtime wages; (b) liquidated damages; (c) prejudgment and post-judgment interest; and (d) attorneys' fees and costs.

11.     Plaintiffs further allege that pursuant to NYLL § 650 *et seq.* they and similarly situated employees are entitled to recover from Defendants:

      a.     unpaid wage and overtime wage compensation

      b.     liquidated damages equal to the sum of unpaid overtime wages in the amount of twenty five percent (25%) under NYLL 190 *et seq.* and NYLL 650 *et seq.*;

      c.     nine percent (9%) simple prejudgment interest pursuant to the NYLL;

      d.     post-judgment interest;

      e.     attorneys' fees and costs; and

      f.     such other and further relief as the Court finds necessary and proper.

## JURISDICTION AND VENUE

12.     The Court has original jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331, 1343.

13.     The Court has supplemental jurisdiction over Plaintiffs' state and city law claims pursuant to 28 U.S.C. § 1367 because those claims are so related to the federal claims that they form part of the same case or controversy.

14.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred there.

## PARTIES

15.     Plaintiffs are hourly employees of Defendants, employed by Defendants within the State of New York.

16.     Plaintiff Keith Rodriguez ("Rodriguez") was employed by Defendants, and worked at Defendants' Throggs Neck, NY location, which is within the borough of the Bronx, within New York City and New York State.  Rodriguez is also a resident of the Bronx.  He was employed by Defendants as an hourly Security Guard, with an hourly rate of approximately $19/hour.

17.     Defendant Westech is a corporation that is registered in the State of Connecticut (registration # 1308442) and that conducts business in New York.  Westech's Connecticut registration lists it as an "Active" business with "Citizenship/place of formation" listed as "foreign/NY" and lists Defendant William Vassell as its Principal.  See https://bit.ly/CTWestech. Westech's last report was due to be filed with the State of Connecticut on May 6, 2024, but it has not filed a report since 2023.  *Id*.  Westech is registered as an "Active" domestic business corporation with the New York State Secretary of State under DOS ID # 5532963.
*See* https://apps.dos.ny.gov/publicInquiry/EntityListDisplay.

18.     Defendant William Vassell ("Vassell") is, upon information and belief, the Chief Executive Officer ("CEO") of Westech and has been its CEO at all relevant times.  Vassell is also, upon information and belief, one of the ten largest shareholders of Westech, as determined by the fair value of his beneficial interest as of the beginning of the period during which the unpaid services referred to throughout this Complaint were performed by Plaintiffs.

19.     Defendants John Doe #1 through John Doe #10, these names being fictitious and unknown to Plaintiffs, are the person or parties who are individual shareholders, officers, directors or managers who qualify as "employers" under the New York Labor Law because they: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; (4) and maintained employment records.

20.    Defendants employed more than 100 employees throughout Plaintiffs' employment and Defendants are thus covered entities under the FLSA, Federal Warn Act, NY Warn Act, and NY Labor Law.

21.    At all relevant times, Defendant was Plaintiffs' "employer" under all relevant statutes.

## FACTUAL BACKGROUND

22.    Westech hired Rodriguez on or about [Date], as a Security Guard, at the rate of approximately $19/hour. Rodriguez was normally scheduled to work 40 hours per week. He was employed by the Company's Throggs Neck, NY location, in the Bronx, where he also resides. At the Company's direction, Rodriguez was assigned to perform security guard services for a local school, Saint Dominic's Torch Family Service Center, located at 2340 Andrews Avenue, Bronx, NY 10468.

23.    Each day, Rodriguez signed into and out of a logbook kept by the School's principal, who recorded Rodriguez's hours worked. The logbook reflected the total number of hours Rodriguez worked. Rodriguez also signed in and out of work using Westech's timekeeping system, which he accessed via an application on his mobile phone.

24.    Rodriguez's supervisor, Sean Hines, deducted 30 minutes of pay from Rodriguez each day, purportedly for meal breaks, but Rodriguez was never allowed to take meal breaks even though they were required under New York law because Rodriguez worked a shift of more than six hours, which extended over the noonday meal period, and was entitled to 30 minutes off between 11:00 am and 2:00 pm for the noonday meal. Instead, Rodriguez reported to work at 7:00 am in the morning, and worked until 3:00 pm in the afternoon without a meal break, when school closed for the day, and was forced to eat during his shift while performing his work duties.

25.     Westech eventually fell behind on payroll, and failed to timely pay Rodriguez and similarly situated employees the wages it owed them for their services.  For example, Westech was supposed to pay Rodriguez on September 13, 2024, for the hours Rodriguez worked during the pay period running from September 2, 2024 through September 13, 2024.  Westech did not timely and properly tender payment.  Westech ultimately tendered an untimely pay check, but the check "bounced" and was dishonored by Westech's financial institution.  Westech issued replacement checks, but they bounced too.  Rodriguez worked through Friday, September 13, 2024.  The school's principal told him not to report back to work after that, because the school was not going to be able to pay him directly.  Rodriguez contacted his supervisor, Mr. Hines, to find out what was going on, but Hines did not schedule Rodriguez to work any more shifts either at the school where he had been reporting to work, or anywhere else.  Rodriguez also asked Hines when he was going to receive the pay that was owed to him, but Hines was unable to provide any substantive answer.

26.     Westech ceased operations that same week, without providing Rodriguez or other similarly situated any advance notice of a plant closure or mass layoff.

27.     Westech did not provide the 60 and 90 days of advance notice of a plant closure or mass layoff required by the Warn Act and New York Warn Act.

28.     Westech failed to pay its hourly employees for their last approximately seven weeks of work.

29.     Upon information and belief, Westech never paid Rodriguez or similarly situated employees for the 30 minutes per day that the Company automatically deducted from their time worked for meal breaks, even though the Company's practice was not to allow its security guards to take a noonday meal break.

30.    Defendants were aware of its practice of requiring its workers to perform services "off the clock" by deducting 30 minutes for meal breaks without allowing them to take a noonday meal.

31.    Defendants deducted Plaintiff's and other similarly situated employees' half-hour lunch breaks from their pay despite routinely requiring them to work through those lunch breaks.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32.    Plaintiffs seek to bring this suit as a collective action pursuant to 29 U.S.C. § 216(b) on their own behalf as well as on behalf of those in the following "**Collective**" defined as:

> All hourly workers employed by Defendants as security guards within the State of New York from January 6, 2021, through the final date of disposition of this action, who did not receive payment for all hours worked or payment at the time-and-a-half rate for hours worked in excess of 40 hours in any workweek.

33.    At all relevant times, Plaintiff was similarly situated to all such individuals in the Collective because, while employed by Defendants, they performed similar tasks, were subject to the same laws and regulations, were paid in the same or substantially similar manner, were paid the same or similar rate, and were subject to Westech's willfully failing to pay wages for all hours worked and wages at the time-and-a-half rate for all hours worked in excess of 40 hours per week, due to Westech's practice of not paying its employees for hours that they worked without taking a break for noonday meals.

34.    Defendants are and have been aware of the requirement to pay Plaintiff and the members of the proposed Collective their wages for all regular and overtime hours worked.

35.    The Collective members are readily discernable and ascertainable. All Collective members' contact information is readily available in Westech's records. Notice of this collective action can be made as soon as the Court determines it is appropriate to do so.

36.    The members of the proposed Collective are too numerous to join in a single action, necessitating collective recognition.

37.    All questions relating to Defendants' violation of the FLSA share a common factual basis as set forth herein. No claims under the FLSA relating to Westech's failure to pay overtime wages or timely pay statutorily required wages are specific to Plaintiffs and the claims asserted by Plaintiff are typical of those of members of the proposed Collective.

38.    Plaintiff will fairly and adequately represent the interests of the Collective and has no interests conflicting with members of the Collective.

39.    A collective action is superior to all other methods and is necessary in order to fairly and completely litigate violations of the FLSA.

40.    Plaintiff's attorneys are familiar with and have experience with collective and class action litigation, as well as employment and labor law litigation.

41.    The public will benefit from the case being brought as a collective action because doing so will serve the interests of judicial economy by reducing a multitude of claims to a single litigation. Prosecution of separate actions by Collective members creates the risk of varying and inconsistent results based on identical fact patterns, as well as disposition of the Collective's interests without their knowledge or contribution.

42.    The questions of law and fact are nearly identical for all Collective members and therefore proceeding as a collective action is ideal. Without judicial resolution of the claims asserted on behalf of the proposed collective, Westech's violations of the FLSA will continue unremedied.

## **FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS**

43.     Plaintiff seeks to maintain this action as a class action pursuant to FED. R. CIV. P. 23, on behalf of those who did not receive the advance notice of a plant closure or mass layoff (i.e., the termination of their employment) required under the federal WARN act or New York State Warn Act, or whose paychecks bounced during the applicable notification periods, and for those who, during the previous six (6) years, were subjected to Defendants' off-the-clock violations of the NYLL.

The "**Class**" which Plaintiff seeks to define includes:

> All hourly workers employed by Defendants between June 10, 2024 and September 30, 2024, who did not receive: (a) at least 60 days of advance notice of Westech's shutdown; or (b) whose paychecks were dishonored.

The "**Subclass**" that Plaintiff seeks to define includes:

> All hourly workers employed by Defendants from January 6, 2018 through the final date of disposition of this action, who did not receive timely payment for all hours worked or payment at the time-and-a-half rate for hours worked in excess of 40 hours in any workweek and were, as a result of such failure to pay overtime wages and such untimely payments, not provided with true and accurate Wage Statements and/or Wage Notices.

44.     Plaintiff Rodriguez would be a member of both the Class and Subclass defined above.

45.     The number of class and subclass members protected by the WARN Act, NY Warn Act, and NYLL who have suffered under Defendant's violations of such statutes are believed to be in excess of one hundred (100) and thus are too numerous to join in a single action, necessitating class recognition.

46.     All questions relating to Class's allegations under the WARN Act, NY Warn Act, and NYLL share a common factual basis with those raised by the claims of Plaintiff. No claims

asserted herein under these statutes are specific to Plaintiff or any Class member and the claims of Plaintiff are typical of those asserted by the proposed Class and Subclass.

47.    Plaintiff will fairly and adequately represent the interests of all members of the proposed Class and Subclass.

48.    A class action is superior to all other methods of adjudication and is necessary in order to fairly and completely litigate the Class's allegations that Defendants violated the WARN Act, NY Warn Act, and the NYLL.

49.    The class members of the proposed Class are readily discernable and ascertainable. Contact information for all members of the proposed Class is readily available from Defendants since such information is likely to be contained in their personnel files. Notice of this class action can be provided by any means permissible under the FED. R. CIV. P. 23 requirements.

50.    Plaintiff asserts these claims on his own behalf as well as on behalf of the Class and Subclass.

51.    Plaintiff's attorneys are experienced in class action litigation as well as employment litigation.

52.    Plaintiff is able to fairly represent and properly protect the interests of the absent members of the proposed Class and Subclass and has no interests conflicting with those of the Class or Subclass.

53.    The public will benefit from this case being brought as a class action because it serves the interests of judicial economy by saving the Court's time and effort and by reducing a multitude of claims to a single litigation. Prosecution of separate actions by individual Class members creates a risk of varying results based on identical fact patterns as well as disposition of the Classes' interests without their knowledge or contribution.

54.     Due to the nature of wage and hour claims brought during the course of employment, class members are often fearful of filing claims against their employers and would benefit from Plaintiffs' willingness to proceed against Defendants. The anonymity inherent in a class action suit further provides insulation against retaliation and/or undue stress and fear.

55.     The questions of law and fact that are nearly identical for all class members make proceeding as class action ideal. Without judicial resolution of the claims asserted on behalf of the proposed Class, continued violations of the WARN Act, NY Warn Act, and NYLL will undoubtedly continue unremedied.

56.     Whether Plaintiff and the Class and Subclass members were: (i) provided with required advance notice of termination; (ii) provided with paychecks that bounced; and (iii) paid all of their earned and due wages and overtime wages are common questions which can readily be resolved through the class action process.

**AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF**
**The WARN Act, 29 U.S.C. §2101, *et seq*.,**
**Made by Plaintiff on Behalf of All Class Members**
**(Failure to provide required advance notice of termination)**
**(against Westech only)**

57.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

58.    The WARN Act requires employers with 100 or more full-time employees to provide at least 60 calendar days advance written notice of a worksite closing affecting 50 or more employees, or a mass layoff affecting at least 50 employees and 1/3 of the worksite's total workforce or 500 or more employees at the single site of employment during any 90-day period.

59.    Defendants' abrupt shutdown of Westech affected more than 100 full-time employees.

60.    Defendants did not provide at least 60 calendar days advance written notice.

61.    Westech's closure constitutes a "worksite closing" affecting 50 or more employees or, in the alternative, a "mass layoff" affecting at least 50 employees and 1/3 of the worksite's total workforce.

62.    Upon information and belief, at the time of Westech's closure, Defendants were not actively seeking capital or business and did not reasonably in good faith believe that advance notice would prevent it from obtaining such capital or business, and that this new capital or business would allow it to avoid or postpone a shutdown for a reasonable period.

63.    Upon information and belief, Westech's closure was not caused by business circumstances that were not reasonably foreseeable at the time that the 60 day notice would have been required.  To the contrary, upon information and belief, Westech's business was primarily

based upon long term government contracts to provide security services to public educational institutions.

64.     Due to Defendants' WARN Act violations, Plaintiff and the Class Members are entitled to recover from Defendants their back pay and the value of any lost benefits during the required statutory notice period, plus reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF**
**The New York WARN Act, NYLL §860,** *et seq.***,**
**Made by Plaintiff on Behalf of All Class Members**
**(Failure to provide required advance notice of termination)**
**(against Westech only)**

65.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

66.     The New York WARN Act requires a "business enterprise" with 50 or more full-time employees to provide at least 90 calendar days advance written notice of a "plant closing" or "mass layoff."

67.     Defendants' abrupt shutdown of Westech affected more than 50 full-time employees and resulted in a loss of employment during any thirty day period for 25 or more full time employees.

68.     Defendants' abrupt shutdown of Westech thus constitutes a plant closing under NYLL §860.

69.     Defendants did not provide at least 90 calendar days advance written notice to their employees.

70.     Upon information and belief, at the time of Westech's closure, Defendants were not actively seeking capital or business and did not reasonably in good faith believe that advance

notice would prevent it from obtaining such capital or business, and that this new capital or business would allow it to avoid or postpone a shutdown for a reasonable period.

71.     In any event, Westech did not provide "as much notice as is practicable" and a brief statement of the basis for reducing the notification period, which it would be obligated to do even if Westech could satisfy one or more of the exceptions to providing the full amount of notice required under the statute.

72.     Upon information and belief, Westech's closure was not caused by business circumstances that were not reasonably foreseeable at the time that the 90 day notice would have been required.  To the contrary, upon information and belief, Westech's business was primarily based upon long term government contracts to provide security services to public educational institutions.

73.     Due to Defendants' WARN Act violations, Plaintiff and the Class Members are entitled to recover from Defendants their back pay and the value of any lost benefits during the required statutory notice period, plus reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF The Fair Labor Standards Act, 29 U.S.C. § 206, *et seq*., Made by Plaintiff on Behalf of All Collective Members (Failure to Pay Wages and Overtime Wages) (Against all Defendants)

74.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

75.     Defendants are each "employers" as that term is defined under the FLSA.

76.     Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

77.    Westech is an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

78.    Westech was required to pay Plaintiff and the Collective Action Members no less than 1.5 times the regular rate at which they were employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

79.    At all relevant times, Defendants had a policy and practice of reducing their employees' hours worked by 30 minutes per day, purportedly for a noonday meal break, but Defendants did not permit their employees to actually take that time off for meals and, instead, required their employees to perform work during that time, on an "off the clock" basis. Defendants' policy and practice thus resulted in Defendants' failure to pay employees for all of their hours worked in each workweek, and for employees who were already working 40 hours per week, this underpayment resulted in Defendants' failure to pay their employees fewer overtime hours for all hours worked in excess of 40 hours per workweek.

80.    Defendants also failed to timely pay wages as required by the FLSA, due to the bouncing of the paychecks they issued to their employees.

81.    Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

82.    Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff and the Collective Action Members' compensation.

83.    Due to Defendants' FLSA violations, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees,

costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF**
**New York Labor Law § 650 (Failure to Pay Wages and Overtime Wages)**
**Brought on Behalf of Plaintiff and the Rule 23 Class**
**(Against all Defendants)**

84.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

85.     Defendants are all "employers" as that term is defined under NYLL § 190.

86.     Defendants (specifically including Westech, Vassell and John Does #1 through #10) each (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) and maintained employment records.

87.     Under the New York Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek.

88.     Defendants failed to pay the Class Members wages for all of the time they actually worked, including failing to pay overtime wages at the time-and-a-half rate to which they were entitled, violating N.Y. LAB LAW § 650 *et seq.* and Part 142, § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

89.     Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

90.     Defendants also failed to timely pay wages, within the time required by the NYLL due to the bouncing of the checks they issued to their employees.

91.     Defendants failure to timely pay wages constitutes a violation of both the "time and frequency of payments" provisions of NYLL §191 and an unlawful deduction of wages under the NYLL §193, both of which entitle Plaintiff and the members of the class to the remedies specified in NYLL § 198.

92.     Due to Defendants' Labor Law violations, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## RELIEF

Plaintiff and members of the putative Collective, Class, and Subclass demand judgment in their favor and against Defendants as follows:

A.     At the earliest possible time, Plaintiff should be allowed to give notice of the purported Collective, or the Court should issue such notice, to all members of the purported Collective defined herein. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages and/or benefits;

B.     Designation of Plaintiff as representative of the FLSA Collective defined herein, and Plaintiff's counsel as Collective Counsel;

C.     Designation of Plaintiff as representatives of the Fed. R. Civ. P. 23 Class and Subclass defined herein, and Plaintiff's counsel as Class Counsel;

D.     Certification of this action as a collective action pursuant to 29 U.S.C. § 216(b) for the purposes of the claims brought on behalf of all proposed FLSA Collective members under the FLSA;

18

E.      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23 for the purposes of the claims brought on behalf of all proposed Class members under the WARN Act, NY Warn Act, and NYLL;

F.      Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

G.      A judgment declaring that the practices complained of herein are unlawful and in violation of the Warn Act, NY Warn Act, Fair Labor Standards Act, and the New York Labor Law;

H.      All damages which Plaintiff and all Collective and Class and Subclass members have sustained as a result of Defendants' conduct, including: (i) liquidated damages, penalties, and punitive damages subject to proof, (ii) attorneys' fees, and (iii) interest;

I.      An award to Plaintiff and all Collective and Class and Subclass members of pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

J.      An award to Plaintiff and all Collective and Class and Subclass members representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

K.      Awarding Plaintiff and all Collective and Class and Subclass members their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs;

L.      Pre-judgment and post-judgment interest, as provided by law; and

M.      Granting Plaintiff and all Collective and Class members such other and further relief as this Court finds necessary and proper.

## DEMAND FOR JURY TRIAL

Plaintiff and all Collective, Class and Subclass members demand a trial by jury on all issues so triable of right.

## NY BCL §630 NOTICE AND DEMAND

Plaintiff and the Collective, Class and Subclass Members hereby give this notice, in writing, to each shareholder of Westech Security and Investigation, Inc., and any of its parents, subsidiaries, or affiliated entities that is served with the summons and complaint in this action, that they intend to hold the shareholders liable under New York Business Corporation Law § 630. This notice is given within one hundred and eighty days after termination of the employment services of Plaintiff and the Collective, Class and Subclass Members.

Plaintiff and the Collective, Class and Subclass Members also demand an examination of the record of shareholders under paragraph (b) of section 624 (Books and records; right of inspection, prima facie evidence) of New York Business and Corporation Law.

An action to enforce such liability shall be commenced within ninety days after the return of an execution unsatisfied against the corporation upon a judgment recovered against it for such services. The provisions of this paragraph shall not apply to an investment company registered as such under an act of congress entitled "Investment Company Act of 1940."

Dated: January 7, 2025
     New York, New York

/s/ Matthew L. Berman
Matthew L. Berman, Esq.
**Valli Kane & Vagnini LLP**
600 Old Country Road, Suite 519
Garden City, New York 11530
T: (516) 203-7180
F: (516) 706-0248
mberman@vkvlawyers.com

/s/ Alex Rissmiller
Alex Rissmiller
**Rissmiller PLLC**
5 Pennsylvania Plaza, 19th Floor
New York, NY 10001
T: (646) 664-1412
arissmiller@rissmiller.com

*Attorneys for Plaintiffs*