UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH RODRIGUEZ, and others similarly situated,

                              Plaintiff,

        -against-

WESTECH SECURITY AND INVESTIGATION INC, WILLIAM VASSELL, and "JOHN DOE #1" through "JOHN DOE #10," the last ten names being fictitious and unknown to Plaintiffs, the person or parties intended being the individual shareholders, officers, directors or managers who qualify as "employers" under the New York Labor Law because they: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; (4) and maintained employment records,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/16/2026__

25 Civ. 123 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Keith Rodriguez, on behalf of himself and others similarly situated, brings this action against Defendants, Westech Security and Investigation, Inc. ("Westech") and William Vassell ("Vassell") (collectively, "Defendants"), alleging violations of the federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–09 (the "federal WARN Act"), its New York State counterpart, New York Labor Law ("NYLL") § 860 *et seq.* (the "New York WARN Act"), the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and several other provisions of the NYLL related to unpaid wages. *See* Compl. ¶ 1, ECF No. 1. Rodriguez moves for class certification of his federal and New York WARN Act claims and his NYLL unpaid wages claims pursuant to Federal Rule of Civil Procedure 23(b)(3). *See* Mot., ECF No. 24; Mem., ECF

No. 27. Defendants have not appeared in this action, and Rodriguez seeks class certification before moving for a default judgment. *See* ECF No. 22.[1] The Court grants Rodriguez's motion for class certification, although the Court modifies the class definition and orders Rodriguez to submit a proposed class notice. The Court also appoints Rodriguez as class representative, and, pursuant to Rule 23(g), appoints Valli Kane & Vagnini LLP and Rissmiller PLLC ("Plaintiff's Counsel") as class counsel. *See* Mem. at 1.

**BACKGROUND**

I.      Statutory Background

A.  Federal and New York State WARN Acts

"The purpose of the [federal] WARN Act is to protect workers from plant closings and mass layoffs without advance notice." *Grimmer v. Lord Day & Lord*, 937 F. Supp. 255, 256 (S.D.N.Y. 1996). "The federal WARN Act requires employers with 100 or more employees to provide each affected employee with a 60-day written notice before a 'plant closing' or 'mass layoff' at a single site of employment." *Belendez-Desha v. JAF Commc'ns, Inc.*, No. 24 Civ. 741, 2024 WL 5155748, at *2 (S.D.N.Y. Dec. 18, 2024) (citing 29 U.S.C. §§ 2102(a), 2101(1)–(3)). Employers who order a plant closing or mass layoff without providing the required notice are liable to affected employees for backpay and benefits. *Id.* (citing § 2104(a)(1)).

The New York WARN Act largely parallels its federal counterpart but sets a lower threshold for its protections. *See id.* "The New York WARN Act requires an employer with 50 or more employees to provide 90-day written notices to employees before it orders a 'plant closing' or 'mass layoff' at a single site of employment." *Id.* (citing NYLL §§ 860-b(1), 860a-(3), (4), (6)).

---

[1] A plaintiff may pursue class certification in circumstances where a defendant has defaulted, as long as the plaintiff does so before the entry of default judgment. *See, e.g.*, *Pichardo v. Bos. Post Food Corp.*, No. 22 Civ. 9157, 2025 WL 1122531, at *2 (S.D.N.Y. Apr. 16, 2025).

B.  NYLL Unpaid Wages Claim

"NYLL §§ 190, 191, 198, and 663 . . . allow an employee to recover unpaid compensation at the employer's regular rate of pay."  *Arroyo v. NYU Langone Hosp.*, No. 19 Civ. 1624, 2019 WL 5682628, at *3 (S.D.N.Y. Oct. 31, 2019).  NYLL § 191 governs frequency of payments and requires that "manual workers" (as defined in NYLL § 190(4)) be "paid weekly and not later than seven calendar days after the end of the week in which the wages are earned."  *Id.* § 191(1)(a)(i).[2] All workers other than manual workers, railroad workers, and commission salespersons must "be paid the wages in accordance with the agreed terms of employment, but not less frequently than semi-monthly, on regular pay days designated in advance by the employer."  *Id.* § 191(1)(d); *see also id.* § 191(1) ("Every employer shall pay wages in accordance with the following provisions."). Whenever any employer terminates an employee's employment, "the employer shall pay the wages not later than the regular pay day for the pay period during which the termination occurred." NYLL § 191(3).  "A plaintiff sufficiently pleads a violation of NYLL § 191(3) by alleging they 'were not paid the wages owed them upon the termination of their employment.'"  *Thompson v. Jennings & Hartwell Fuel Oil Corp.*, No. 14 Civ. 1857, 2015 WL 5437492, at *4 (E.D.N.Y. Aug. 27, 2015) (citation omitted).

II.     Plaintiff's Evidence[3]

Because Defendants have not disputed Rodriguez's evidence, the Court will credit the facts alleged in the record.  Westech is a security firm with an office in the Throggs Neck section of the

---

[2] Security guards may be considered manual workers under the terms of the NYLL.  *See, e.g.*, *Carrasquillo v. Westech Sec. & Investigation Inc.*, No. 23 Civ. 4931, 2025 WL 1558920, at *1 (S.D.N.Y. Apr. 23, 2025), *report and recommendation adopted*,  2025 WL 1558201 (S.D.N.Y. June 2, 2025).

[3] "[M]ost district courts . . . have held that evidence need not be admissible under the Federal Rules of Evidence—or that the rules should not be applied strictly—on a motion for class certification."  *Flores v. Anjost Corp.*, 284 F.R.D. 112, 124 n.3 (S.D.N.Y. 2012) (collecting cases); *see also Kassman v. KPMG LLP*, 416 F. Supp. 3d 252, 267–68 (S.D.N.Y. 2018) ("The parties' arguments concerning testimony challenged under the Federal Rules of Evidence are considered only to evaluate the weight of the evidence and not its admissibility.").

Bronx. Rodriguez Decl. ¶ 6, ECF No. 25-1. From November 2022 until about September 13, 2024, Rodriguez worked for Westech as a security guard and hourly employee. *Id.* ¶ 5. His employment was based out of Westech's Throggs Neck office, although he physically worked first at an apartment building and then at a school in the Bronx. *Id.* ¶¶ 6, 8. On September 12, 2024, Westech abruptly closed its Throggs Neck office. *Id.* ¶¶ 10–11; *see also* Diaz Decl. ¶ 6, ECF No. 25-2; Nelson Decl. ¶ 10, ECF No. 25-3; Bronx Times Art., ECF No. 25-4; Bronx Times Art. II, ECF No. 25-5. Westech did not notify its employees of the shutdown. *See* Rodriguez Decl. ¶¶ 10– 13; Diaz Decl. ¶ 7; Nelson Decl. ¶ 11. For example, Steven Diaz, a Westech security guard like Rodriguez, learned of the shutdown on September 10, after he went to Westech's office to pick up his paycheck and instead saw press and other security guards gathered. Diaz Decl. ¶ 6. Lashane Nelson, another security guard, first heard about the shutdown that day from Diaz. Nelson Decl. ¶¶ 10–11. Rodriguez learned of it later through press coverage. Rodriguez Decl. ¶ 10.

In addition, for at least two pay periods preceding the shutdown, Rodriguez and other security guards, like Diaz and Nelson, received no paycheck or ones that bounced. *See* Rodriguez Decl. ¶ 9–11; Diaz Decl. ¶ 8; Nelson Decl. ¶¶ 8–9; *see also* Bronx Times Art. at 4 (reporting that many of the employees gathered at Westech's office on September 10 were "missing two paychecks"). In a *Bronx Times* article, Westech's CEO, Vassell, confirmed that Westech was shutting down at 5:00 p.m. on September 12, 2024 and acknowledged that Westech could not make payroll. *See* Bronx Times Art. at 2.

## DISCUSSION

### I.     Legal Standard

"The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements have been met." *Johnson v. Nextel Commc'ns Inc.*, 780 F.3d 128, 137 (2d Cir. 2015). The Court must "'probe behind the pleadings before

coming to rest on the certification question,' satisfying itself that Rule 23 compliance may be demonstrated through 'evidentiary proof.'" *Id.* at 138 (quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013)).  Under Rule 23(a), a case may be litigated as a class action only if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical to the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class." *Id.* at 137.  "These requirements are known as numerosity, commonality, typicality, and adequate representation." *Elisa W. v. City of New York*, 82 F.4th 115, 122 (2d Cir. 2023).  The Second Circuit recognizes an additional "implied" requirement of "ascertainability." *In re Petrobras Sec.*, 862 F.3d 250, 257 (2d Cir. 2017).  "[A] class is ascertainable if it is defined using objective criteria that establish a membership with definite boundaries." *Id.*  Once these Rule 23(a) requirements are met, a party must then "satisfy through evidentiary proof at least one of the provisions of Rule 23(b)." *Comcast Corp.*, 569 U.S. at 33.

To certify a class under Rule 23(b)(3), a plaintiff must establish: (1) predominance, or "that the question of law or fact common to class members predominate over any questions affecting only individual members"; and (2) superiority, or "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *In re Petrobras*, 862 F.3d at 260. (quoting Fed. R. Civ. P. 23(b)(3)).  "In determining the propriety of a class action, the question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 have been met." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) (cleaned up).

The district court "has the ability, pursuant to Rule 23(c)(4)(B), to alter or modify the class, create subclasses, and decertify the class whenever warranted." *Sumitomo Copper Litig. v. Credit Lyonnais Rouse, Ltd.*, 262 F.3d 134, 139 (2d Cir. 2001).

II.    Application

The Court must first define the class.  Rodriguez seeks to represent a class consisting of:

> All hourly workers employed by Westech between June 10, 2024 and September 30, 2024, and (a) whose paychecks during this time were dishonored or were not issued, or (b) who did not receive at least 60 days of advance notice of Westech's shutdown.

Mem. at 1.

"The Court has authority *sua sponte* to modify a proposed class definition by carving out a narrower class from an overbroad class proposed." *Mercado v. Noem*, 800 F. Supp. 3d 526, 560–61 (S.D.N.Y 2025).  Because the evidence and allegations pertain to Westech's Throggs Neck location, and Rodriguez does not set forth evidence related to hourly workers employed at other Westech locations, the Court modifies the class definition to cover only the Throggs Neck location hourly workers, not all Westech employees.  *See, e.g.*, Compl. ¶¶ 2, 16; Rodriguez Decl. ¶¶ 7, 10; Diaz Decl. ¶¶ 4, 6; Nelson Decl. ¶ 10.

A.  Rule 23(a) Requirements

1.  Numerosity

Rule 23(a)(1) requires that a class be "so numerous that joinder of all members is impracticable."  "Numerosity is presumed for classes larger than forty members." *Penn. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co, Inc.*, 772 F.3d 111, 120 (2d Cir. 2014).  A plaintiff "need not present a precise calculation of the number of class members," and the Court may "rely on reasonable inferences drawn from the available facts." *Flores v. Anjost Corp.*, 284 F.R.D. 112, 123 (S.D.N.Y. 2012) (citation omitted).  Rodriguez has submitted sufficient evidence to establish

numerosity.  Rodriguez states that he heard his supervisor "make a comment about it being difficult to manage hundreds of security guards."  Rodriguez Decl. ¶ 7.  Additionally, Diaz states that when he went to collect his paycheck from Westech's office, he observed "at least 40 other Westech guards" gathered outside and "other guards were continuing to show up as [he] left."  Diaz Decl. ¶ 6.  As further evidence of numerosity, a *Bronx Times* article reports that when Westech's CEO was asked about prior records of labor violations, he responded, "[w]hen you have hundreds of employees, you're going to get these from time to time."  Bronx Times Art. at 4.  Because the evidence sufficiently demonstrates that there are at least forty hourly employees affected by the closure of Westech's Throggs Neck office, the Court finds that the proposed class meets the numerosity requirement of Rule 23(a)(1).

### 2.  Commonality and Typicality

Commonality under Rule 23(a)(2) "exists if there is a question that such 'determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'"  *Elisa W.*, 82 F.4th at 122–23 (citation omitted); *see Johnson*, 780 F.3d at 137 (requiring that "there be issues whose resolution will affect all or a significant number of the putative class members").  Typicality under Rule 23(a)(3) exists where "each class member's claim arises from the same course of events and makes similar legal arguments to prove the defendant's liability."  *Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993); *see* Fed. R. Civ. P. 23(a)(3) (requiring that "the claims or defenses of the representative parties are typical of the claims or defenses of the class").  "As a practical matter, the two requirements tend to merge in the Second Circuit's class certification inquiry."  *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 370 (S.D.N.Y. 2007).

7

Rodriguez and the proposed class are "united by the common legal question of whether the employer complied with the statutory requirements of WARN." *Guippone v. BH S&B Holdings LLC*, No. 09 Civ. 1029, 2011 WL 1345041, at *5 (S.D.N.Y. Mar. 30, 2011). The issues "stem from a common core of facts regarding Defendants' actions and a common core of legal issues regarding every [c]lass [m]ember's rights," including that:

> (a) Defendants employed more than 100 employees; (b) all the [c]lass [m]embers are protected by the WARN Act; (c) the [c]lass [m]embers were employees of the Defendants; (d) Defendants discharged the [c]lass [m]embers on or about [September 12, 2024] . . . in connection with the mass layoffs or plant closings; (e) the [c]lass [m]embers were 'affected employees,' as they lost their employment as a result of the mass layoffs or plant closings; (f) Defendants terminated the employment of the [c]lass [m]embers without cause; (g) Defendants terminated the employment of the [c]ass [m]embers without giving them at least 60 days' prior written notice as required by the WARN Act; and (h) Defendants failed to pay the [c]lass [m]embers 60 days' wages and benefits.

*Id.*; *see generally* Compl.

"In short, virtually *all* the issues are common to the [c]lass and the only differences are minor, namely, the rate of pay and the date of termination." *Guippone*, 2011 WL 1345041, at *5. (emphasis in original). Indeed, courts have found that "WARN actions are particularly amenable to class-based litigation." *Cashman v. Dolce Int'l/Hartford, Inc.*, 225 F.R.D. 73, 90 (D. Conn. 2004).

Commonality is also satisfied with respect to Rodriguez's unpaid wages claims under NYLL. His claims and "those of the members of the putative class arise from a common wrong: Defendants' failure to pay proper . . . compensation for work performed by plaintiffs" in the pay periods leading up to Westech's shutdown. *Espinoza v. 953 Assocs. LLC*, 280 F.R.D. 113, 127 (S.D.N.Y. 2011). Rodriguez's complaint raises numerous questions of fact and law common to all members of the class, including factual questions regarding Defendants' payroll practices and

ability to make payroll before the shutdown, as well as legal questions concerning the applicability of NYLL and any exemptions. *See Iglesias-Mendoza*, 239 F.R.D. at 371.

Rodriguez's claims are typical of those of the class because they "have the same essential characteristics as the claims of the class at large." *Guippone*, 2011 WL 1345041, at *6. Rodriguez suffered the "same type of injury" as the rest of the class, and Defendants' "failure to comply with the requirements of the WARN Act" and the NYLL leading up to Westech's shutdown, "represents a single course of conduct resulting in injury to all [c]lass [m]embers including [Rodriguez]." *Id.*; *see generally* Rodriguez Decl.; Diaz Decl.; Nelson Decl.

As with commonality, typicality can be shown, as it is here, "despite differences in damages resulting from a disparity in injuries among the class members." *Espinoza*, 280 F.R.D. at 127–28; *see also Iglesias-Mendoza*, 239 F.R.D. at 371 (finding typicality where workers performed different tasks on different schedules); *Ansoumana v. Gristede's Operating Corp.*, 201 F.R.D. 81, 86 (S.D.N.Y. 2001) ("The differences among the Plaintiffs as to the number of hours worked, the precise work they did, and the amount of pay received concern the amount of damages to which any individual Plaintiff might be entitled if and when liability is found.").

Therefore, the Court finds that the Plaintiff has met the commonality and typicality requirements. *See* Fed. R. Civ. P. 23(a)(2)–(3).

### 3. Adequate Representation

Adequate representation is evaluated "(1) by looking to the qualifications of plaintiffs' counsel; and (2) by examining the interests of the named plaintiffs." *Flores*, 284 F.R.D. at 128–129 (citing *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000)).

First, Plaintiff's attorneys are well-qualified to represent the class because they have significant experience in class and collective action litigation on behalf of employees and have

adequately pursued the proposed class's claims. *See* Berman Decl. ¶ 7, ECF No. 25; Rissmiller Decl. ¶¶ 5–7, ECF No. 26; *see Flores*, 284 F.R.D. at 129.

Second, Plaintiff's interests are aligned with those of the proposed class. As someone who was laid off without warning due to Westech's shutdown and who missed multiple paychecks preceding the shutdown, Plaintiff suffered the same alleged injury as other proposed class members. *See, e.g.*, Rodriguez Decl. ¶¶ 10–11; Diaz Decl. ¶¶ 7–8; Nelson Decl. ¶¶ 8–11; *Cordes & Co. Fin. Servs., Inc. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir. 2007) (requiring that the plaintiff "possess the same interest and suffer the same injury shared by the class he represents" (citation omitted)). "In order to defeat class certification, there must be 'a showing of genuine conflict' between the proposed class representative's interests and those of the other members of the class." *Stinson v. City of New York*, 282 F.R.D. 360, 371 (S.D.N.Y. 2012) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). No such conflict is apparent. *See also id.* ("Differences in the amount of recoverable damages generally do not give rise to a conflict."). Additionally, Rodriguez submitted a declaration in support of the motion for class certification, reflecting that he is "familiar with and actively participating in this litigation." Mem. at 5; *see Flores*, 284 F.R.D. at 130 (holding that a plaintiff's affidavit may help satisfy the adequacy requirement because it demonstrates he has "a basic understanding" of the action). The Court, therefore, finds that Rodriguez will adequately represent the interests of the class.

### 4. Ascertainability

Ascertainability requires that the class description be "sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member." *Stinson*, 282 F.R.D. at 373 (citation omitted). "The standard for ascertainability is 'not demanding'" and "is designed only to prevent the certification of a class whose membership is

truly indeterminable. *Id.* at 373–74 (citations omitted). "Class members need not be ascertained prior to certification, but must be ascertainable at some point in the case." *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 338 (S.D.N.Y. 2004). Class members are hourly employees based out of Westech's Throggs Neck office between June and September 2024, (a) whose paychecks were dishonored or not issued during that period, or (b) who did not receive at least 60 days' notice of Westech's shutdown. The proposed class can be ascertained by objective documentation, such as employee payroll records and wage statements, and "no subjective criteria is required to determine the class'[s] contours." *Flores*, 284 F.R.D. at 123. Therefore, the proposed class is ascertainable.

B. Rule 23(b)(3) Requirements

1. Predominance and Superiority

Class certification under Rule 23(b)(3) is proper where (1) "questions of law or fact common to the members of the class predominate over any questions affecting only individual members," and (2) "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Guippone*, 2011 WL 1345041, \*7 (citation omitted); *see* Fed. R. Civ. P. 23(b)(3).

Class adjudication is superior to individual adjudication in this case because it will conserve judicial resources and is more efficient for class members. *See Zimmerman v. Portfolio Recovery Assocs., LLC*, 276 F.R.D. 174, 180 (S.D.N.Y. 2011); *Guippone*, 2011 WL 1345041, at \*8 ("Concentrating any WARN litigation in a single class action will avoid multiple suits."). There is no indication that individual class members have an interest in submitting separate actions. *See, e.g.*, Diaz Decl.; Nelson Decl. And, given that Westech's security guards are paid \$18 per hour, *see* Rodriguez Decl. ¶ 5, "statutory and actual damages for each class member would likely be insufficient to incentivize bringing individual actions." *Vincent v. Money Store*, 304 F.R.D.

446, 462 (S.D.N.Y. 2015); *Guippone*, 2011 WL 1345041, at \*8 ("[M]any of the claims are quite small, making individual lawsuits impracticable."). Although there is significant other litigation in federal and state courts against Westech, no lawsuit appears to involve the WARN Act and NYLL claims at issue here. *See* Mem. at 7–8 (listing actions against Westech, including a FLSA collective action, numerous breach of contract actions, a securities violation action, and a shareholders' agreement dispute). Therefore, predominance and superiority are satisfied.

2. Notice

"Rule 23(b)(3) requires individual notice to class members and allows a class member to 'opt out' of the class." *Gross v. Washington Mut. Bank, F.A.*, No. 02 Civ 4135, 2006 WL 318814, at \*4 (E.D.N.Y. Feb. 9, 2006); *see* Rule 23(b)(3) ("[T]he [C]ourt must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."); *Guippone*, 2011 WL 1345041 at \*8 ("Usually when a court grants a motion for class certification, there follows a period when notice is prepared and transmitted to the class, and members are given an opportunity to opt out of this action."). The Court may not enter judgment against a certified Rule 23(b)(3) class whose members have not received adequate notice. *See Pritchard v. County of Erie*, No. 04 Civ. 534-A, 2018 WL 1036165, at \*9 (W.D.N.Y. Feb. 23, 2018). Therefore, in accordance with this order, Plaintiff must submit a proposed notice to the Court for approval.

C. Appointment of Class Counsel

Rule 23(g)(1) requires the appointment of class counsel at the time of certification. The Court must consider: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the

12

resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider other matters "pertinent to counsel's ability to fairly and adequately represent the interest of the class." *Id.* 23(g)(1)(B); *see also id.* 23(g)(2), 23(g)(4).

Defendants have not appeared in this action and, therefore, have not objected to the appointment of Plaintiff's counsel—Valli Kane & Vagnini LLP and Rissmiller PLLC—as class counsel. Plaintiff's counsel has demonstrated that they have competently litigated numerous class-action lawsuits, including similar disputes on behalf of employees, and together, they bring sufficient resources to this matter. *See* Rissmiller Decl. ¶¶ 5–8; *see generally* Valli Kane & Vagnini LLP Firm and Attorney Resume, ECF No. 25-6. Additionally, their briefing on this motion demonstrates competence in class-action litigation. Therefore, the Court finds the appointment of Plaintiff's counsel as class counsel satisfies Rule 23(g).

## CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion for class certification pursuant to Rule 23(b)(3). The Court modifies the class definition as follows:

> All hourly workers employed by Defendants out of Westech's Throggs Neck location between June 10, 2024 and September 30, 2024, and (a) whose paychecks during this time period were dishonored or were not issued, or (b) who did not receive at least 60 days of advance notice of Westech's shutdown.

The Court appoints Keith Rodriguez as class representative and Valli Kane & Vagnini LLP and Rissmiller PLLC as class counsel. By **April 13, 2026**, Plaintiff's counsel shall submit a proposed form of notice to all class members.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 24.

SO ORDERED.

Dated: March 16, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge

13