USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _________________
DATE FILED: 10/15/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEITH RODRIGUEZ, and others similarly situated,

Plaintiff,

-against-

WESTECH SECURITY AND INVESTIGATION INC, WILLIAM VASSELL, and "JOHN DOE #1" through "JOHN DOE #10," the last ten names being fictitious and unknown to Plaintiffs, the person or parties intended being the individual shareholders, officers, directors or managers who qualify as "employers" under the New York Labor Law because they: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; (4) and maintained employment records,

Defendants.

25 Civ. 123 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On March 16, 2026, the Court certified a class under Federal Rule of Civil Procedure 23(b)(3) and directed Plaintiff to make a supplemental submission regarding his proposed class notice. *See* ECF No. 31. The Court preliminarily approves Plaintiff's manner of notice. *See* ECF Nos. 32, 34, 36, 38; Proposed Notice, ECF No. 36-1.[1]

I. Legal Standard

For a class certified under Rule 23(b)(3), individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable efforts. *See* Fed. R. Civ. P. 23(c)(2)(B); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974). "The standard for the adequacy of a . . . notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 113 (2d Cir. 2005). To satisfy the reasonableness standard, the notice must be "practicable under the circumstances," *Corpac v. Rubin & Rothman, LLC*, 920 F. Supp. 2d 345, 348 (E.D.N.Y. 2013) (quoting Fed. R. Civ. P. 23(c)(2)(B), and reasonably certain to reach most interested objectors, *see In re Agent Orange Prod. Liab. Litig. MDL No. 381*, 818 F.2d 145, 168–

[1] Defendants have not appeared in this action. Plaintiff has yet to seek a certificate of default and move for default judgment.

69 (2d Cir. 1987). Notice may be sufficient even if there is a reasonable risk that the notice might not actually reach every beneficiary. *See id.*; *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 319 (1950).

Under Rule 23(c)(2)(B), a notice must "clearly and concisely state in plain, easily understood language": "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). The notice may be issued by either "United States mail, electronic means or other appropriate means." *Id.*

II. <u>Analysis</u>

The Court finds that Plaintiff's notice plan is reasonable under the circumstances to reach most interested objectors, and the substance of the notice is sufficient to inform class members of their right to retain an attorney and their right to opt out. Because Defendant has not appeared in this action, Plaintiff has been unable to obtain discovery. Plaintiff first subpoenaed the Teachers Federal Credit Union, a bank used by some of the class members; these records led Plaintiff to Zuma Payroll & Processing ("Zuma"), a payroll company used by Defendant. *See* ECF No. 36. Based on Plaintiff's review of the subpoenaed records from Teachers Federal Credit Union and Zuma, Plaintiff believes that Defendant did not use any other payroll companies between June 10, 2024, and September 30, 2024. *See* ECF No. 38. The records identify 1,692 employees, with names and addresses for everyone. *See id*. Only a subset of employee records, however, have phone numbers (282 individuals) and email addresses (197 individuals) listed. *See id*. Plaintiff proposes "to transmit the proposed class notice by mail to everyone, and additionally via email and/or text for those individuals for whom [Plaintiff has] their information." *Id*. Under the circumstances, the Court finds Plaintiff's proposed method of notice reasonable. Mailed notices are reasonably certain to reach most interested objectors, and the notice is sufficient, even if there is a risk it will not reach every intended beneficiary. Furthermore, there is no basis in the record to believe that "the interests of . . . class members who [are] unaware of the instant litigation . . . would not be protected by those class members who did receive notice." *In re Agent Orange*, 818 F.2d at 168.

The Court preliminarily approves Plaintiff's notice plan. By **October 29, 2026**, Plaintiff shall state how he intends to proceed in this action.

SO ORDERED.

Dated: October 15, 2026
New York, New York

ANALISA TORRES
United States District Judge